FILED

1  FREEDMAN & TAITELMAN, LLP
   Bryan J. Freedman, Esq. (SBN 151990)
2  David M. Marmorstein, Esq. (SBN 192993)
   1901 Avenue of the Stars, Suite 500
3  Los Angeles, California 90067
   Telephone:  (310) 201-0005
4  Facsimile:   (310) 201-0045

5  Attorneys for Plaintiff-Judgment Creditor
   Ridge Clearing & Outsourcing Solutions,
6  Inc.

2012 FEB 17  PM 4: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  IN RE:                          )    Case CV 12  1419 ~R
11                                  )         (Ex)
12  RULE 45 SUBPOENA ISSUED TO      )
13                                  )    PETITION TO ENFORCE
              RAMY Y. EL-BATRAWI.   )    SUBPOENA
14                                  )
15                                  )    [Declarations of David M. Marmorstein,
                                    )    Gail R. Zweig and Joseph L. Walker in
16                                  )    Support Thereof filed concurrently
                                    )    herewith]
17                                  )
18  _____)

19

20

21

22

23

24

25

26

27

28

                              1

## PRELIMINARY STATEMENT

Ridge Clearing & Outsourcing Solutions, Inc. ("Ridge Clearing" or "plaintiff"), the plaintiff and judgment creditor in an action that was commenced and tried in the United States District Court for the Southern District of New York (the "New York Action") against Adnan Khashoggi ("Khashoggi" or "defendant"), submits this Petition to Enforce Subpoena on Ramy Y. El-Batrawi ("El-Batrawi") served on El-Batrawi pursuant to Rules 45 and 69(a)(2) of the Federal Rules of Civil Procedure.  In addition to serving El-Batrawi with a subpoena calling for the production of documents and deposition testimony (the "Subpoena"), plaintiff also notified El-Batrawi of it by emailing a copy of it to a law firm that has represented him in connection with other related matters, and making two inquiries of such law firm. Yet, despite having been served with and otherwise notified of plaintiff's Subpoena for documents and deposition testimony, El-Batrawi has flagrantly disregarded it. Indeed, he has not only failed to produce any documents or appear for his deposition, but he has also neither objected nor otherwise responded to the Subpoena.

As more fully explained below, there is no basis for El-Batrawi, a California resident and, upon information and belief, a resident of the County of Los Angeles, to refuse to comply with the Subpoena, which is proper in its content and form, and which was duly served on him at an address that he has admitted is his business address.  Further, not only is El-Batrawi a material witness to the events underlying the New York Action which resulted in the entry of a judgment in excess of $35 million against Khashoggi, but insofar as it is pertinent to judgment enforcement, El-Batrawi's sworn statements reveal that he has had ongoing communications with Khashoggi about, among other things, business transactions that might have earned Khashoggi, the judgment debtor in the NY Action, millions of dollars in finders' fees. El-Batrawi is thus likely to have information that would assist plaintiff in enforcing the judgment entered in the New York Action.

PETITION TO ENFORCE SUBPOENA

For these reasons and those stated below, plaintiff requests that this Court enter an Order compelling El-Batrawi's compliance with the Subpoena under penalty of its issuing an Order of contempt pursuant to Fed. R. Civ. P. 45(e).  Alternatively, should the Court find that service of the Subpoena was not proper under Rule 45, plaintiff requests that the Court specify an alternative means of serving El-Batrawi.

## STATEMENT OF FACTS

**A.   Ramy Y. El-Batrawi Is a Material Witness Who Is Likely to Have Knowledge About Adnan Khashoggi's Assets and Business Dealings**

1. Procedural History of the New York Action

On July 23, 2007, plaintiff commenced the New York Action against Khashoggi by the filing of a summons and complaint in the United States District Court for the Southern District of New York (the "NY Court"), which was captioned Ridge Clearing & Outsourcing Solutions, Inc. v. Adnan Khashoggi, and docketed as Civ. Action No. 2007 Civ. 06611.  The New York Action proceeded to discovery and trial.  Following a three-day bench trial before the NY Court, the NY Court rendered a Memorandum and Order dated August 12, 2011, granting judgment in favor of plaintiff.  The NY Court then entered a judgment against defendant in the amount of $39,555,933.55 (the "Judgment"), the full amount of which together with post-judgment interest remains due and unpaid.  Copies of the Memorandum and Order, and Judgment entered in the New York Action are annexed as Exhibits A and B, respectively, to the Declaration of David M. Marmorstein, dated February 17, 2012 (the "Marmorstein Dec.").

2. The Factual Findings of the District Court

The New York Action against Khashoggi was an action to hold Khashoggi personally liable for the almost $21 million debt owed by Ultimate Holdings, Ltd. ("Ultimate") to plaintiff.  See Marmorstein Dec., Ex. A at 1, 15 n.13.  After making extensive findings of fact as to Khashoggi's domination and control of Ultimate to

3

1  perpetrate a wrong on plaintiff through a series of stock purchase transactions that

2  resulted in a breach of a margin agreement, the NY Court found that plaintiff

3  established its claim that Khashoggi was Ultimate's alter ego.  See Marmorstein Dec.,

4  Ex. A.  Accordingly, the NY Court found that Khashoggi was liable for the full

5  amount of the debt owed to plaintiff, plus pre-judgment interest at the statutory rate

6  applicable under New York law.  See id. at 15 n.13.  Notably, in connection with the

7  NY Court's findings as to Khashoggi's domination and control of Ultimate, the NY

8  Court observed that, among other things, El-Batrawi acted as Khashoggi's authorized

9  agent.  See id. at 16-18.

### 3.  El-Batrawi Is Likely to Have Information Relevant to the Enforcement of the Judgment

12      El-Batrawi was not merely a material trial witness in the New York Action.

13  Evidence adduced during the pre-trial phase of the New York Action shows that El-

14  Batrawi is likely to have information relevant to plaintiff's judgment enforcement

15  efforts.  For example, in a January 16, 2009 deposition of El-Batrawi taken in the

16  course of pre-trial discovery in the New York Action, El-Batrawi admitted to having

17  ongoing business dealings with Khashoggi concerning transactions that might have

18  resulted in their earning between $1 and $2 million per transaction.  Marmorstein

19  Dec., Ex. C at 30, 220-23.  Further, in the same deposition, El-Batrawi testified that as

20  recently as one month prior to the deposition, he had communications with one of

21  Khashoggi's wives, the very wife to whom monies were funneled from Ultimate in

22  connection with the events underlying the Judgment.  See id. at 216-17 and Ex. D.[1]

23      Plaintiff thus caused the Subpoena calling for the production of documents and

24  deposition testimony by El-Batrawi to be served on El-Batrawi on January 4, 2012.  A

25  copy of the Subpoena is annexed to the Declaration of Joseph L. Walker dated

26  February 16, 2012 (the "Walker Dec.") as Exhibit A.

27  

---

[1] Khashoggi has not posted a bond while he pursues his appeal of the Judgment.  Accordingly, plaintiff is entitled to enforce the Judgment.  See Marmorstein Dec. ¶ 5.

28

### B.  Service on El-Batrawi

Testimony by El-Batrawi and discovery in the New York Action and a related action reveals that El-Batrawi is a resident of the County of Los Angeles in the State of California. See Marmorstein Dec., ¶ 9 and Exs. E and F. El-Batrawi, however, has not disclosed his exact residential address either in trial testimony in the New York Action or other actions, or on the civil cover sheets of federal actions that he has commenced. See, e.g., Marmorstein Dec., Exs. E, F and G. As a result, in one of the cases related to the New York Action where El-Batrawi was a named defendant and contested the propriety of service, the Court found that El-Batrawi "was evading service," and observed, among other things, that El-Batrawi's lawyer refused to accept service on his behalf; that El-Batrawi had a history of failing to provide forwarding addresses when he abandoned earlier ones; that close associates of El-Batrawi would not provide his address; and that El-Batrawi himself refused to provide the Court with any evidence of his whereabouts. See Excerpt of Report and Recommendation of United States Magistrate Judge Arthur J. Boylan, dated January 26, 2007, annexed as Exhibit H to the Marmorstein Dec.

Moreover, when plaintiff sought to depose El-Batrawi in the County of Los Angeles in the State of California during the pre-trial discovery phase of the New York Action, El-Batrawi attempted to evade service. Indeed, as described more fully below, in 2008, when El-Batrawi was served with a subpoena at the very same office address at which he was served with the Subpoena that gives rise to this proceeding, El-Batrawi protested that he was not properly served. See Marmorstein Dec., ¶ 11. And, through George B. Newhouse, Jr., Esq., a member of the Los Angeles, California law firm Brown White & Newhouse LLP ("BWN"), who related that he was not authorized to accept service of the 2008 Subpoena, El-Batrawi complained that "[i]t is too late . . . for Mr. El-Batrawi to go to the considerable time and expense of responding" to the document request and a "time-consuming deposition"; and that "[i]ts [sic] time that these matters finally be put to rest, and that of course is the reason

5

1  we have statutes of limitation." <u>See</u> Email dated August 11, 2008 from G. Newhouse
2  to G. Zweig, annexed as Exhibit I to the Marmorstein Dec.

3        After motion practice that is described more fully below, El-Batrawi complied
4  with the 2008 Subpoena.  And, when it suited him, El-Batrawi also elected to appear
5  voluntarily in person as a trial witness for Khashoggi in the New York Action.
6  Marmorstein Dec., ¶ 12 and Ex. E.

7        1.  <u>The North Camden Drive Office Address for El-Batrawi</u>

8        In August 2008, in the course of pre-trial discovery in the New York
9  Action, plaintiff obtained reliable information, including invoices that were rendered
10  to El-Batrawi by BWN, which was then representing El-Batrawi in related
11  proceedings, showing that El-Batrawi maintained an office at 433 North Camden
12  Drive, Suite 600 in Los Angeles, California (the "North Camden Drive Office").  <u>See</u>
13  Marmorstein Dec. ¶ 13 and Ex. J.  Accordingly, in October 2008, plaintiff caused an
14  authorized process server in the State of California to serve a subpoena for documents
15  and deposition testimony (the "2008 Subpoena") on El-Batrawi at the North Camden
16  Drive Office.  When the process server could not locate El-Batrawi at the North
17  Camden Drive Office, he left a copy of the 2008 Subpoena with the North Camden
18  Drive Office receptionist, Michelle Daily.  <u>See</u> Marmorstein Dec., ¶ 16 and Ex. P.

19        Following El-Batrawi's failure to timely respond to the duly served 2008
20  Subpoena after it was served on him at the North Camden Drive Office, plaintiff filed
21  a Petition to Enforce Subpoena on El-Batrawi.  <u>See</u> Marmorstein Dec. ¶ 17.  This
22  Court subsequently issued an Order to Show Cause to El-Batrawi.  <u>See</u> <u>id.</u> and Ex. Q.
23  As a result of proceedings before this Court in late 2008 concerning El-Batrawi's
24  noncompliance with the 2008 Subpoena, El-Batrawi produced documents in response
25  to the 2008 Subpoena, and submitted to a deposition on January 16, 2009.  <u>See</u>
26  Marmorstein Dec., ¶ 18 and Ex. C.

27        Significantly, in connection with the deposition taken during the pre-trial
28  stage of the New York Action, El-Batrawi testified that the North Camden Drive

PETITION TO ENFORCE SUBPOENA

1   Office was his business address.  See Marmorstein Dec., Ex. C at 6-7.

2         2.  Service of the Subpoena on El-Batrawi is Accomplished

3       On January 4, 2012, Joseph L. Walker, an authorized process server in the State

4   of California, attempted personal service of the Subpoena on El-Batrawi at the North

5   Camden Drive Office.  See Walker Dec., ¶ 2.  When Walker could not locate El-

6   Batrawi, Walker left a copy of the Subpoena with the North Camden Drive Office

7   receptionist who identified herself only as Michelle, agreed to accept the Subpoena

8   and told Walker that she had been working as a receptionist at the North Camden

9   Drive Office for approximately 5 years.  See Walker Dec., ¶¶ 3-5 and Ex. A.  The

10  Subpoena was served on El-Batrawi fourteen (14) days prior to the date the Subpoena

11  commanded the production of documents, and more than 21 days prior to the date the

12  Subpoena commanded El-Batrawi's attendance at a deposition.  See Walker Dec., Ex.

13  A.

14        3.  The Form and Contents of the Subpoena

15      The Subpoena served on El-Batrawi on January 4, 2012 commanded the

16  production of documents on January 18, 2012, and El-Batrawi's deposition testimony

17  on February 1, 2012 at the offices of Freedman & Taitelman, LLP, 1901 Avenue of

18  the Stars, Suite 500, Los Angeles, California 90067.  See Walker Dec., Ex. A.  The

19  Subpoena was issued from the United States District Court for the Central District of

20  California.  See id.  Among other things, the Subpoena contains the caption of the

21  New York Action, the docket number of such action and a notation reflecting that the

22  underlying action is pending in the NY Court.  See id.

23        4.  El-Batrawi Fails to Comply with the Subpoena.

24      On January 18, 2012, the due date for documents responsive to the Subpoena,

25  El-Batrawi did not produce any documents and did not otherwise respond to the

26  Subpoena.  See Marmorstein Dec., ¶ 19.  On January 19, 2012, plaintiff's counsel

27  sent an email to Mr. Newhouse, El-Batrawi's former attorney on related cases, see

28  Marmorstein Dec., ¶ 15 and Exs. L, M, N and O, as follows:  The email from

plaintiff's counsel to Mr. Newhouse included the Subpoena; inquired whether Mr. Newhouse represents El-Batrawi; informed Mr. Newhouse that plaintiff had served the Subpoena on El-Batrawi and intended to proceed with motion practice to enforce it; and requested that Mr. Newhouse facilitate compliance with the Subpoena. See Marmorstein Dec., ¶ 20 and Ex. R. Mr. Newhouse responded that he would inquire of El-Batrawi and respond further to plaintiff's counsel. See Marmorstein Dec., ¶ 21 and Ex. R. Then, on January 24, plaintiff's counsel made further inquires of Mr. Newhouse. See Marmorstein Dec., ¶ 22 and Ex. R. On February 1, 2012, Mr. Newhouse wrote to plaintiff's counsel and stated, in relevant part, that he had not been retained by Mr. El-Batrawi; that El-Batrawi believes that service of the Subpoena was not valid; that he (El-Batrawi) was "'tired' of being hassled," "had no further interest in participating [in]," and would "not cooperate with [plaintiff's] campaign to search for Mr. Khashoggi's assets." Marmorstein Dec., ¶ 23 and Ex. R. On February 2, 2012, El-Batrawi's nonappearance was duly noted by the certified court reporter who was engaged to transcribe El-Batrawi's deposition. See Marmorstein Dec., ¶ 25 and Ex. S.

## ARGUMENT

### POINT I

**THE COURT SHOULD COMPEL EL-BATRAWI TO COMPLY WITH THE SUBPOENA BY APPEARING FOR A DEPOSITION AND PRODUCING NONPRIVILEGED RESPONSIVE DOCUMENTS, FAILING WHICH HE SHOULD BE HELD IN CONTEMPT**

This Court should enter an order (a) directing El-Batrawi to comply with the Subpoena by producing all nonprivileged, responsive documents no later than March 8, 2012, and appearing for his deposition on a date to be mutually agreed upon with plaintiff no later than March 30, 2012; and (b) holding El-Batrawi in contempt should he fail to comply with the Court's order enforcing the Subpoena and directing his

8

1   production of documents and deposition testimony.  Enforcement of the Subpoena by

2   this Court is appropriate because the Subpoena was issued by this Court, and was

3   properly served on El-Batrawi pursuant to Rule 45 of the Federal Rules of Civil

4   Procedure (the "Rules").  Moreover, the Subpoena was proper in its form and content;

5   was issued by the United States District Court for the Central District of California;

6   was signed by an attorney authorized to do so; noticed El-Batrawi's deposition for a

7   location within 100 miles of where he resides, is employed or transacts business; and

8   was delivered to El-Batrawi.

9   ### A.  <u>The Subpoena Was Properly Served on El-Batrawi</u>

10          Pursuant to Rule 69, in furtherance of its enforcement of a money judgment, a

11  judgment creditor may serve a subpoena for documents and testimony pursuant to,

12  among others, the Rules.  Because plaintiff complied with the service requirements of

13  Rule 45, this Court should enforce the Subpoena and compel El-Batrawi to comply

14  with it.  Under Rule 45(b), "[a]ny person who is at least 18 years old and not a party

15  may serve a subpoena."  To effect service, Rule 45(b) further provides that "[s]erving

16  a subpoena requires delivering a copy to the named person."  Rule 45(b)(1).  Here, the

17  Subpoena was served by Joseph L. Walker, who has attested that he delivered the

18  Subpoena to El-Batrawi by giving a copy of it to the receptionist, who agreed to

19  accept it, at the North Camden Drive Office, which El-Batrawi previously testified is

20  his business address.  <u>See</u> Walker Dec., ¶¶ 3-5 and Ex. A; Marmorstein Dec., ¶ 18 and

21  Ex. C at 6-7.

22          Numerous courts, including at least one court in the Central District of

23  California, have recognized that proper service of a subpoena under Rule 45 may be

24  effected by means other than personal service of the subpoena on the nonparty

25  witness.  <u>See</u>, <u>e.g.</u>, <u>Green v. Baca</u>, No. CV 02-204744MMMMANX, 2005 WL

26  283361, at *1 & n.1 (C.D. Cal. Jan. 31, 2005) ("[t]he court agrees . . . with those that

27  have held that effective service under Rule 45 is <u>not</u> limited to personal service" and

28  stating that it sees no policy distinction between Rules 4 and 5 on the one hand, and

1   Rule 45 on the other) (emphasis supplied); <u>see also</u> <u>Cartier v. Geneve Collections,</u>
2   <u>Inc.</u>, No. CV 2007-0201 (DLI) (MDG), 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27,
3   2008) (same).  Pursuant to Rule 45, "[s]erving a subpoena requires delivering a copy
4   to the named person, . . . ."  F. R. Civ. P. 45(b).  Indeed, courts have held that Rule 45
5   plainly does not require personal service, but instead requires only delivery of a copy
6   of the subpoena to the witness in a manner that is reasonably calculated to ensure
7   receipt of it by the witness.  <u>See, e.g.</u>, <u>Codrington v. Anheuser-Busch, Inc.</u>, No. 98-
8   2417-CIV-T-26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999) (finding that
9   there is "no need for personal service of Rule 45 subpoena so long as service is made
10   in a manner that reasonably insures (sic) actual receipt of the subpoena by the
11   witness" and expressly rejecting a finding from a Florida bankruptcy court that "a
12   subpoena cannot be effectively served by mail even if sent by certified mail"); <u>see also</u>
13   <u>JPMorgan Chase Bank, N.A. v. The IDW Group, LLC</u>, No. 08 Civ. 9116 (PGG);
14   2009 WL 1313259, at *2-*3 (S.D.N.Y. May 11, 2009) (granting request for substitute
15   service); <u>King v. Crown Plastering Corp.</u>, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)
16   (observing that Rule 4(e) specifically incorporates the forum state's procedural law for
17   service of a summons and complaint, and stating that "[t]here appears to be no reason
18   why the forum state's procedural law should not be sufficient for accomplishing
19   service under Rule 45").

20          As one court recently stated, "the language of Rule 45 does not explicitly
21   demand personal service of a subpoena, but instead requires only that a copy be
22   'delivered' to the person whose attendance or production of documents is sought.
23   Such language 'neither requires in-hand service nor prohibits alternative means of
24   service.'" <u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, Civ. No. 05-4135, 2007 WL
25   1364984, at *3 (D. Kan. May 9, 2007) (internal citation omitted); <u>see also</u> <u>King</u>, 170
26   F.R.D at 356 (same).  Rather, Rule 45's requirement that a party must "deliver[] a
27   copy [of the subpoena] to the named person" is satisfied even when a party employs a
28   method of service that is reasonably calculated to provide timely actual notice.  <u>See,</u>

1    e.g., Cartier, 2008 WL 552855, at *1 ("this Court agrees with the reasoning of a

2    growing number of courts that have held that 'delivery' under Rule 45 means a

3    manner of service reasonably designed to ensure actual receipt of a subpoena by a

4    witness, rather than personal service") (citing cases).

5         Here, the manner in which the Subpoena was delivered to El-Batrawi

6    demonstrates that plaintiff's efforts were reasonably calculated to provide El-Batrawi

7    with timely and actual notice of the Subpoena.  First, plaintiff arranged for hand

8    delivery of the Subpoena to El-Batrawi at the North Camden Drive Office, which is

9    the very address that El-Batrawi has testified is his business address.  See Walker

10   Dec., ¶ 3; Marmorstein Dec., ¶ 18 and Ex. C at 6-7.  The North Camden Drive Office

11   is also the same address to which the Clerk of the Court of Appeals for the Eighth

12   Circuit sent correspondence to El-Batrawi in 2007, and the very same address to

13   which his attorneys in cases related to the New York Action have sent him

14   correspondence and invoices in the past.  See Marmorstein Dec., ¶¶ 13-14 and Exs. J

15   and K.

16        Second, to ensure that El-Batrawi received actual notice of the Subpoena,

17   plaintiff also sent a copy of it to the attorneys who have represented him in related

18   litigations, and who were able to procure his in-person appearance in the NY Action

19   as a trial witness for the defendant at the trial held in New York in July 2010.  See

20   Marmorstein Dec., ¶¶ 12, 20 and Exs. E and R.  El-Batrawi was thus afforded a means

21   of contacting plaintiff's counsel, and plaintiff was informed, through Mr. Newhouse,

22   that in the event of his noncompliance, plaintiff would be seeking appropriate relief

23   from the Court.  See Marmorstein Dec., ¶ 20 and Ex. R.

24        The efforts to deliver the Subpoena to El-Batrawi evince that plaintiff's

25   methods of service were intended to provide El-Batrawi with actual and timely notice

26   of the Subpoena, which is exactly what Rule 45 requires.  See Green, 2005 WL

27   283361, at *1 & n.1 (observing that numerous courts have found personal service of a

28   subpoena is not required "if the manner of service is reasonably calculated to provide

                                            11

1  timely notice") (citing cases); see also First City, Texas-Houston, N.A. v. Radfidian

2  Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000) (finding that where nail and mail service

3  of a subpoena was accomplished and a copy of the subpoena was also sent to the only

4  law firm that had ever represented the witness, plaintiff had properly effected service

5  under Rule 45), aff'd, 281 F.3d 48 (2d Cir. 2002).  Accordingly, service of the

6  Subpoena was proper under Rule 45, and this Court should direct compliance with it.

7

8  **B. The Form, Content and Location for Compliance with the Subpoena Complied with the Requirements of Rule 45(a)**

9      The Court should also enforce the Subpoena because its form, contents and the

10  location identified for compliance fully complied with Rule 45(a) of the Federal Rules

11  of Civil Procedure.  Under Rule 45(a)(1), a subpoena must "state the court from which

12  it is issued," include "the title of the action, the court in which it is pending, and its

13  civil action number," and command each person to, among other things, appear at a

14  specified time and place to "attend and testify" or "produce designated documents."

15  Further, pursuant to Rule 45(a)(2), the subpoena must issue from the court for the

16  district where the deposition is to be taken.  An attorney "may issue and sign a

17  subpoena as an officer of:  . . . (B) a court for a district where a deposition is to be

18  taken or production is to be made, if the attorney is authorized to practice in the court

19  where the action is pending."  Fed. R. Civ. P. 45(a)(3).

20      The Subpoena issued to El-Batrawi met each and every one of these

21  requirements of Rule 45(a)(1):  It specifies the Court from which it was issued (the

22  Central District of California), the title of the New York Action, its civil action

23  number, and that the action is pending in the United States District Court for the

24  Southern District of New York.  The Subpoena also properly sets forth a date and time

25  for compliance therewith, and specifies a location, the offices of Freedman &

26  Taitelman LLP at 1901 Avenue of the Stars, in Los Angeles, California, as the

27  location for compliance with both the command to produce the documents identified

28  in Schedule A to the Subpoena, as well as the command for El-Batrawi to attend a

1  deposition.  The Subpoena sets out the text of Rule 45(c) and (d) as required by Rule
2  45(a)(1)(A)(iv).  See Walker Dec., Ex. A.

3       In addition, the Subpoena is properly issued by the United States District Court
4  for the Central District of California because the production of documents and the
5  separately noticed deposition were both to be accomplished at a Los Angeles,
6  California location.  See Rule 45(a)(2)(B) and (C).  Further, pursuant to Rule
7  45(a)(3)(B), the Subpoena was properly signed by co-counsel for plaintiff.  See
8  Walker Dec., Ex. A.

9       Finally, the subpoena properly noticed El-Batrawi's deposition for a location
10  within 100 miles from which El-Batrawi either resides or transacts business.
11                          *        *        *
12       Based on the foregoing, plaintiff submits that the Court should enter an
13  order (a) directing El-Batrawi to comply with the Subpoena by producing all
14  nonprivileged, responsive documents no later than March 8, 2012, and appearing for
15  his deposition on a date to be mutually agreed upon with plaintiff no later than March
16  30, 2012; and (b) pursuant to Rule 45(e), holding El-Batrawi in contempt should he
17  fail to comply with the Court's order enforcing the Subpoena and directing his
18  production of documents and deposition testimony.

19
20                          **POINT II**

21  **ALTERNATIVELY, THE COURT SHOULD DIRECT AN ALTERNATIVE
    MEANS OF SERVING EL-BATRAWI WITH
22  A SUBPOENA PURSUANT TO RULE 45**

23       In all events, should this Court find for any reason that plaintiff's method of
24  serving the Subpoena on El-Batrawi was not proper – although plaintiff respectfully
25  submits that service of process was proper – plaintiff requests that the Court specify
26  an alternative means of serving the Subpoena on El-Batrawi.  As set forth above, Rule
27  45 permits service of a subpoena issued under Rule 45 to be effected in any manner
28  that is reasonably calculated to afford the person to whom it is directed timely and

1   actual notice of it.  See, e.g., Green, 2005 WL 283361, at *1 & n.1 (stating that when

2   service is effected in a manner reasonably calculated to give notice, service is proper,

3   and further stating that "the court sees no policy distinction between Rules 4, 5 and

4   45, such that service other than personal service should be sufficient under the first

5   two but not the third") (citing cases); see also cases cited at 10-11 supra.

6          Plaintiff proposes that one method of service that will assure El-Batrawi's

7   timely and actual notice of the Subpoena is an Order directing his former attorneys in

8   related actions, BWN, who are located in this District (and the partner of which,

9   George B. Newhouse, Jr., is a member of the Bar of this Court) to forward a copy of it

10  to him at all addresses, including all email addresses, known to them.  Another

11  method of service that will also ensure timely and actual notice is use of a method of

12  service approved by the California state court rules for the service of summons and

13  complaints, which is a method of service authorized by Rule 4 for the service of a

14  summons and complaint in a federal action.  See Fed. R. Civ. P. 4 (authorizing service

15  of a summons and complaint in manner authorized by the state law of the district in

16  which the subpoena is to be served).  Under California state law, a lawful means of

17  service of a summons and complaint is for a person over the age of 18 to leave a copy

18  of them "with a person at his or her usual mailing address, . . . with the person who is

19  apparently in charge," who is a person at least 18 years of age, and who shall be

20  informed by the person making the delivery of the contents thereof.  West's Ann. Cal.

21  Code of Civ. Pro. § 415.20.  In addition, under California state law, a copy of the

22  documents should be sent by first-class mail to the person to be served at the place

23  where copies of the documents were left.  See id.

24         Accordingly, consistent with the case law cited above and the guiding

25  principles of Rule 4, plaintiff requests that if service heretofore effected is deemed

26  inadequate, then the Court direct that alternative service of the Subpoena be

27  accomplished as follows:  The Court should issue an Order (a) directing El-Batrawi's

28  attorneys in related cases, BWN, to forward a copy of the Subpoena via Federal

1  Express to all addresses for El-Batrawi known to BWN, and via email to all email
2  addresses for El-Batrawi known to BWN; and (b) directing plaintiff to arrange for
3  service on El-Batrawi at the North Camden Drive Office address by attempting
4  personal service there and, should it fail, by leaving a copy of the Subpoena with a
5  person who is apparently in charge thereof who is over the age of 18, and by thereafter
6  mailing a copy of the Subpoena by first-class mail, with prepaid postage, to the North
7  Camden Drive Office.

8                                    **CONCLUSION**

9          For all of the foregoing reasons, the Court should enter an order (a) directing
10  El-Batrawi to comply with the Subpoena served upon him by producing all
11  nonprivileged, responsive documents no later than March 8, 2012, and appearing for
12  his deposition on a date to be mutually agreed upon with plaintiff's counsel prior to
13  March 30, 2012; and (b) holding him in contempt should he fail to comply with the
14  Court's order enforcing the Subpoena and directing his production of documents and
15  deposition testimony.  Alternatively, if service heretofore effected is deemed
16  inadequate, this Court should direct an alternative means of serving El-Batrawi with
17  the Subpoena.

18
19  Dated:  February 17, 2012          FREEDMAN & TAITELMAN, LLP
20
21                                     By: _____
22                                         David M. Marmorstein, Esq.,
                                           Attorneys for Plaintiff-Judgment Creditor
23                                         Ridge Clearing & Outsourcing Solutions, Inc.
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 1419 R (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Movant:<br>Ridge Clearing & Outsourcing Solutions, Inc. | **DEFENDANTS**<br>Respondent:<br>Ramy Y. El-Batrawi |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Bryan J. Freedman, Esq. FREEDMAN & TAITELMAN, LLP, 1901 Avenue of the Stars, Suite 500, Los Angeles, California 90067<br>Telephone: (310) 201-0005 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify): Enforcement of Rule 45 Subpoena  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition to Enforce Rule 45 Subpoena

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | **IMMIGRATION** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 462 Naturalization Application | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## CV12 1419

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV-06-2247 MRP (RZx); CV-08-06640-R

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 17, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |